**Nels LARIVE, Plaintiff,**

v.

**UNITED STATES of America, Appellee,**

**Jerry Lindstrom, d/b/a Lindstrom Construction Company, Appellant.**

**No. 20731.**

United States Court of Appeals, Eighth Circuit.

Oct. 14, 1971.

Rehearing Denied Dec. 3, 1971.

Albert T. Reddish, Alliance, Neb., for appellant.

Robert E. Kopp, Atty., U. S. Dept. of Justice, Washington, D. C., for appellee.

Before MATTHES, Chief Judge, and BRIGHT and STEPHENSON, Circuit Judges.

BRIGHT, Circuit Judge.

Plaintiff Nels Larive sustained severe electrical burns and related bodily injuries when he accidently came in contact with a live electrical conductor. The accident occurred when Larive, then employed by the contractor, Jerry Lindstrom, d/b/a Lindstrom Construction Company, was performing electrical construction work on behalf of his employer, for the United States Department of Interior, Bureau of Reclamation, at an electric power substation at Alliance, Nebraska. Larive, prior to the accident, thought that the electrical conductor with which he came in contact was de-energized.

Larive brought an action for damages against the United States under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b) and 2674, and joined his employer, Lindstrom, because of the latter's interest in the claim arising from the payment of workmen's compensation benefits to Larive under the Nebraska law. The United States cross-claimed for indemnity against contractor Lindstrom contending that Lindstrom should

be held liable for the accident and the consequent damages sustained by Larive in the event that the plaintiff should recover in the principal action.

During the trial, the United States settled with Larive for $301,000 [1] and, in addition, paid Larive's wife the further sum of $50,000 on her separate suit brought against the government for loss of consortium. Thereafter, the government pressed its cross-claim for indemnity to conclusion. The trial court awarded the United States a judgment of $175,000 plus interest on the cross-claim for indemnity, this figure representing fifty per cent of the amounts which the United States had paid to Larive and Larive's wife. Lindstrom prosecutes this timely appeal from the judgment granting the government indemnity. The trial court's opinion is reported at 318 F.Supp. 119 (D.S.D.1970).

■■ The trial court found that the failure of Larive's employer to notify Larive of the actual hazards on the job, as well as misrepresentations made to Larive by the Bureau of Reclamation representative, contributed to causing plaintiff's injuries, and the court determined the relative fault of each to be fifty per cent.[2] Upon our review, we find that substantial evidence supports these crucial findings. Appellant has failed to demonstrate them to be clearly erroneous.

The United States, however, concedes that the award should be reduced by $25,000 since the trial court took into consideration the settlement for $50,000 which the United States paid to Mrs. Larive on her separate action. This separate action was not involved in the cross-claim for indemnity and the trial court erred in awarding any indemnity in this proceeding on account of the government's settlement with Larive's wife.

■■ Appellant takes further exception to the district court's order that interest on the judgment be computed from June 26, 1968, the date of the settlement between the United States and Larive. This exception is not well taken. The government's recovery here is based on indemnification by Lindstrom in proportion to his fault in causing Larive's injuries. See United States v. Seckinger, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970). In the usual indemnity case the indemnitor becomes immediately liable, upon the expenditure by the indemnitee, for that portion of the expenditure covered by the indemnification agreement, even though a judicial determination is required to determine the amount of that liability. Because we have affirmed the finding that Lindstrom was liable at the time the government settled with Larive, for that portion of the settlement attributable to Lindstrom's negligence, the government, in making settlement with Larive, expended funds on behalf of Lindstrom, its indemnitor. In this posture the district court was justified in awarding interest on the government's recovery from June 26, 1968, the date of settlement with Larive. See Kincade v. C & L Rural Electric Cooperative Corp., 299 S.W.2d 67, 73 (Ark.1957); cf. Terminal R. Ass'n of St. Louis v. United States, 182 F.2d 149, 151 (8th Cir. 1950). The appellants have failed to demonstrate any error of the trial court by citing appropriate authority suggesting a contrary result. We therefore affirm the district court view that

---

1. The original settlement was for $306,000, which amount included $5,000 earmarked for an anticipated surgical operation. Following Larive's decision not to undergo the operation, the amount of his final settlement was reduced to $301,000.

2. Lindstrom agreed to be "responsible for all damages to persons or property that occur[red] as a result of his fault or neg-

ligence." Under this contractual obligation, the extent of a contractor's liability to indemnify the United States will be premised on the basis of comparative negligence "to the full extent that [his] negligence, if any, contributed to the injuries" sustained by the employee. United States v. Seckinger, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970).

interest should be allowed from the date of settlement with the claimant Larive.

The judgment is modified by reducing the same in the amount of $25,000. As modified, the judgment is affirmed. No costs shall be taxed by either party.