Leslie L. JUMPER, Plaintiff,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

v.

WILLAMETTE–WESTERN CORPORATION, a corporation, Third-Party Defendant.

Civ. No. S–2937.

United States District Court, E. D. California.

April 15, 1975.

Boccardo, Blum, Lull, Niland, Teerlink & Bell, San Francisco, Cal., for plaintiff.

Richard W. Nichols, Asst. U. S. Atty., Sacramento, Cal., for defendant and third-party plaintiff.

Ropers, Majeski, Kohn, Bentley & Wagner, John M. Bentley, Redwood City, Cal., for third-party defendant.

## OPINION

MacBRIDE, Chief Judge.

This action was brought against the defendant and third-party plaintiff United States of America, pursuant to the Federal Tort Claims Act (28 U.S.C. §§ 1346(b) and 2671 et seq.). The plaintiff seeks to recover damages for personal injuries allegedly sustained by him while engaged in the performance of his duties as an employee of the third-party defendant Willamette-Western Corporation (hereinafter Willamette). The defendant and third-party plaintiff United States filed an amended third-party complaint seeking to recover from the plaintiff's employer and third-party defendant Willamette "all sums" which are adjudged against the United States in favor of the plaintiff.

The case is now before the court on the third-party defendant Willamette's motion to dismiss the Government's amended third-party complaint for failure to state a claim upon which relief can be granted, pursuant to F.R.Civ.P. 12(b)(6).

The third-party complaint here in question seeks contribution or apportionment of any recovery had by the plaintiff against the United States from Willamette based on an equitable right to tortious indemnity (first cause of action), contractural rights to implied indemnity (second and third causes of action), and a contractual right to express indemnity (fourth cause of action). The parties agree that if the court finds that the Government states a claim for indemnification on a contractual basis, as set forth in the fourth cause of action, the remaining causes of action of the third-party complaint will become moot. For that reason the court will focus first on the Government's fourth cause of action.

In its fourth cause of action the Government contends that the terms of certain standard clauses which were made a part of its contract with Willamette provide an indemnity right to the United States against Willamette for injuries to the plaintiff that resulted from Willamette's negligence. Under the terms of the aforementioned clauses of the contract Willamette agreed, *inter alia:*

"[to be] responsible for all damages to persons or property that occur as a result of his fault or negligence. . . ."

"[to] indemnify and hold the Government harmless for any and all losses, damages, or liability on account of personal injury, death, or property damage, or claims for personal injury, death, or property damage of any nature whatsoever and by whomsoever made, arising out of the activities of the contractor, his employees, subcontractors, or agents under contract . . . ."

"[that] such indemnity shall, include, but shall not be limited to, the failure of the contractor, his employees, subcontractors, or agents to comply with the safety requirements contained in these specifications."

Willamette seeks to have the Government's fourth cause of action dismissed on the ground that any indemnification by Willamette would be improper under the circumstances of this case. It is Willamette's contention that if the Unit-

ed States was not negligent, the United States cannot be held liable to the plaintiff, and the indemnity provisions of the contract cannot be called into operation. In the alternative, Willamette claims that should the United States be held liable to the plaintiff, the United States can only be held liable for its own negligence, whether active or passive. Willamette asserts that either way its acts will have no bearing on the finding of negligence or lack of negligence of the United States. Thus Willamette concludes that where the liability of the United States was caused by other than Willamette the law of California, the place of the occurrence, precludes recovery for indemnity by the United States.

The United States opposes this motion on the ground that Willamette's contention is based on the "fallacious assumption" that the Government's claim for indemnity is tortious. The Government argues that its indemnity action "is based not on negligence of the Government, which under the Tort Claims Act is governed by the law of California, but rather is based upon federal law relating to government contracts, as to which California law is inapplicable."

The question of which law is applicable was resolved by the Supreme Court of the United States in the leading case of United States v. Seckinger, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970) (hereinafter *Seckinger*). There the Supreme Court, when called upon to construe contractual terms very similar to those here in question, stated:

"federal law controls the interpretation of the contract. (citations omitted). This conclusion results from the fact that the contract was entered into pursuant to authority conferred by federal statute and, ultimately, by the Constitution. (Footnote omitted)." Id. at 209–10, 90 S.Ct. at 884.

In *Seckinger* the Government offered the Court two reasonable opposite interpretations of contractual terms very similar to those in the instant contract:

"that the contractor must bear ultimate responsibility for all damage done and fully indemnify the government for its losses whether or not caused by the government's own negligence, or that the government and the contractor should bear a burden proportionate to their negligence." Fentress v. United States, 431 F.2d 824, 829–30 (7th Cir. 1970).

The Court, in fashioning a federal rule, was guided by the general maxim that a contract should be construed against the drafter, which in that case was the United States. *Seckinger, supra* 397 U.S. at 210, 90 S.Ct. 880. Following this federal rule the Court accepted the Government's alternative interpretation, stating:

"if the United States expects to shift the ultimate responsibility for its negligence to its various contractors, the mutual intention of the parties to this effect should appear with clarity from the face of the contract. We can hardly say that this intention is manifested by the formulation incorporated into the present contract. (Footnote omitted). By its terms Seckinger is clearly liable for *its* negligence, but the contractual language cannot readily be stretched to encompass the Government's negligence as well. (Footnote omitted)." *Seckinger, supra* 397 U.S. at 212–13, 90 S.Ct. at 885.

Thus, although the Court rejected the Government's claim for full indemnification for its own negligence, it did apply federal and not state law [the place where the act or omission occurred] in holding that the terms of the contract made Seckinger, the contractor, liable to indemnify the Government for Seckinger's negligence.

Willamette, conceding that this court could find that *Seckinger* entitles the United States to a contractual indemnity right, argues that the extent of such a contractual right is determined by California law, the law of the place where

the act or omission occurred. Such a reading of *Seckinger* would, according to Willamette, preclude the United States from an indemnity recovery.

Whether California law would actually preclude the United States from indemnity recovery is not clear, particularly since the recent California Supreme Court pronouncement in Li v. Yellow Cab Company of California, Cal., 119 Cal.Rptr. 858, 532 P.2d 1226 (1975), which replaced California's system of contributory negligence with a system of pure comparative negligence. However, the court need not reach that issue, since Willamette's above-stated contention is without merit.

Although the *Seckinger* Court did not squarely face this issue, a careful reading of that case and its progeny reveals the meritlessness of Willamette's present contention. Subsequent to the *Seckinger* Court's acceptance of the Government's alternative interpretation of the contractual terms it took cognizance of the fact that the common law and the statutory rules in South Carolina, where the act or omission occurred, were unclear on the question of contribution and indemnity at the time Seckinger's employee was injured. *Seckinger, supra* 397 U.S. at 214 n. 19, 90 S.Ct. 880. Unperturbed by the lack of clarity in South Carolina law the Court proceeded to decide the extent of the Government's indemnity right, to wit "that liability be premised on the basis of comparative negligence." *Id.* at 215, 90 S.Ct. at 887. Thus, the *Seckinger* Court fashioned the above-stated rule as a federal rule without any further mention of the effect of applicable state law.

Since *Seckinger,* two Circuit Court opinions have cited that case as authority for the proposition that a contractor, performing under a contract which contains the terms herein discussed, must indemnify the Government in proportion to the contractor's negligence in causing the injuries upon which the recovery against the Government is based. La-rive v. United States, 449 F.2d 150 (8th

Cir. 1971); Fentress v. United States, *supra.* Neither Circuit Court considered whether or not the state where the act or omission occurred provided for contribution or indemnity. Id.

Because the court has taken the view that the rights and duties of the parties are governed by the contract, it need not reach the Government's alternative theories for recovery. Fentress v. United States, *supra* 431 F.2d at 830 n. 13.

For the reasons stated above, the court denies the third-party defendant Willamette's motion to dismiss the third-party complaint.

It is so ordered.